UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ELMER RAMONES and MARIE PAZ VALDEZ,

        Plaintiffs,

  v.

WACHOVIA MORTGAGE SERVICES, CAL-WESTERN RECONVEYANCE CORPORATION, and IMEDA FACTORA,

        Defendants.
_____/

Civ. No. S-10-3450 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motions of defendant Wachovia Mortgage ("Wachovia") to dismiss and to strike plaintiffs Elmer Ramones and Marie Paz Valdez's ("plaintiffs") complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).[1] Wachovia moves to dismiss on the grounds that

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

1

1) plaintiffs' claims lack clarity and specificity violating the pleading requirements of Rule 8; 2) the Home Owners' Loan Act and the National Bank Act preempt plaintiffs' state law claims; 3) plaintiffs' claim for violation of California Business and Professions Code § 17200 fails to allege sufficient facts demonstrating that Wachovia engaged in an unlawful business practice; 4) plaintiffs' wrongful foreclosure claims lack the requisite allegation of a tender of the indebtedness; 5) California Civil Code § 2924 does not provide plaintiff with relief in the form of damages; 6) there is no private right of action for violation of 18 U.S.C. § 1956; and 6) plaintiffs' claim for declaratory relief is not appropriate because the claims have not ripened into legal or equitable claims. (Def.'s Mot. to Dismiss ["MTD"], filed Dec. 30, 2010 [Docket # 6], at 1.) Additionally, Wachovia argues that plaintiff Maria Paz Valdez has no standing in this action because she was not a borrower under the subject mortgage loan. (Id.)  Finally, Wachovia moves to strike portions of plaintiffs' complaint on the grounds that 1) plaintiffs are not entitled to punitive damages; 2) plaintiffs are not entitled to recover damages for a Section 17200 claim; and (3) plaintiffs are not entitled to set aside a foreclosure because plaintiffs fail to allege a full tender of the indebtedness.  (Def.'s Mot. to Strike ["MTS"], filed Dec. 30, 2010 [Docket # 8], at 2.)

    Plaintiffs oppose the motions.  Specifically, plaintiffs argue that 1) they have properly plead a cause of action for violation of California Business and Professions Code § 17200 because Wachovia allegedly made false and misleading statements

2

to plaintiff Elmer Ramones to induce him to enter into a loan with unfavorable terms; 2) requiring plaintiffs to tender the amount owed to satisfy their loan would be inequitable because plaintiffs are victims of fraud; and 3) a cause of action for declaratory relief has been properly plead because the complaint sets forth an actual controversy relating to the legal rights and duties of the parties under the loan.  (Opp'n, filed March 11, 2011 [Docket # 15], at 4-6.)  Plaintiffs do not address defendants' other arguments.

Jurisdiction is a threshold inquiry before the adjudication of any case before the court.  See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Without jurisdiction, this court cannot adjudicate the merits of this case or order any relief.  See id. ("If the district court had no jurisdiction over the subject matter, the action should have been dismissed, regardless of the parties' preference of an adjudication in federal court.").

On December 23, 2010, Wachovia removed this case to the United States District Court for the Eastern District of California under 28 U.S.C. §§ 1441 and 1331 based on federal question jurisdiction.  (Def.'s Notice of Removal ["DNR"], filed Dec. 23, 2010 [Docket # 1], ¶ 2.)  Plaintiffs' complaint alleges a single federal claim for violation of 18 U.S.C. § 1956.  (DNR, Ex. A ¶¶ 30-32.)  However, there is no private right of action for recovery of civil damages under this criminal statute addressing laundering of monetary instruments.  de Pacheco v. Martinez, 515 F. Supp. 2d 773, 787 (S.D. Tex. June 29, 2007) (citing Dubai Islamic Bank v. Citibank, N.A., 126 F. Supp. 2d

3

659, 668 (S.D.N.Y. 2000)); Phillips v. Deutsche Bank Nat. Trust Co., No. CV 10-5883 AHM, 2010 WL 5246032, at *1 (C.D. Cal. Dec. 16, 2010). Indeed, plaintiffs fail to respond to defendant's motion to dismiss on this issue. As such, plaintiffs' claim for violation of 18 U.S.C. § 1956 is properly dismissed with prejudice.

Dismissal of plaintiffs' claim for violation of 18 U.S.C. § 1956 leaves the complaint devoid of any federal claims. The remaining claims are state law claims for violation of California Business and Professions Code § 17200 et seq., wrongful foreclosure, violation of California Civil Code § 2924, and declaratory relief. (DNR, Ex. A ¶¶ 19-34.)

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metro. Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("In the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (internal quotations and citations

omitted). As such, the court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims.[2]

Accordingly, plaintiffs' complaint is REMANDED to the Superior Court of the State of California for the County of San Joaquin.[3]

IT IS SO ORDERED.

DATED: April 5, 2011.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] On March 21, 2011, plaintiffs filed a motion for leave to amend their complaint. (Mot. for Leave to Amend Compl., filed March 21, 2011 [Docket #21].) Plaintiffs' proposed first amended complaint, attached to the aforementioned motion, fails to allege any federal claims. (Id., Ex. A.) However, because the court remands plaintiffs' complaint to state court, plaintiffs' motion is denied as moot.

[3] Because the court grants in part defendant's motion to dismiss, it need not reach defendant's motion to strike and denies that motion as moot.